SHERMAN *v.* MCILROY BANKING COMPANY.

Opinion delivered February 24, 1930.

C. D. *Atkinson*, for appellant.

*George A. Hurst*, for appellee.

McHANEY, J. This was an action by appellee to foreclose two certain chattel mortgages given to secure two promissory notes, one of $11,000, dated March 17, 1927, and the other for $2,000, dated September 23, 1927, which had been reduced by payments, the first to $2,090.69, and the second to $227.50 at the time suit was brought. The $11,000 was secured in addition to other collateral by chattel mortgage executed by appellant, M. J. Sherman, to Sherman's, Inc., a corporation of Fayetteville, Arkansas, of which said M. J. Sherman was president, and one L. H. Kempton was secretary and treasurer, which covered certain household furniture, fixtures and equipment. This mortgage was assigned to appellee on the date of the execution of the $11,000 note, the assignment being executed by Sherman's, Inc., by L. H. Kempton, secretary and treasurer, and was delivered to the appellee as additional security for the amount of said note. Appellants contended in the court below and contend here that the household goods covered by said mortgage belonged to appellant, Florence Sherman, and that she consented for her husband to mortgage them to Sherman's, Inc., to give it additional credit standing, and it was furthermore contended that said Kempton had no authority as secretary to assign said mortgage to appellee for the reason that he had sold his stock in the corporation, Sherman's, Inc., on March 10, 1927, seven days before he made the assignment, and that it was done without the knowledge or consent of M. J. Sherman.

The chancery court overruled appellant's contentions, and decreed a foreclosure and sale of the property.

In the decree of foreclosure a personal judgment was rendered against Sherman's, Inc., for $2,110.36, the balance due on the $11,000 note. This note was executed by Sherman's, Inc., to appellee. It thereafter became insolvent and made an assignment for the benefit of the creditors, including appellee, and it accepted its *pro rata* share of the proceeds of the assets assigned for the benefit of the creditors. It is said that this constituted an accord and satisfaction of all personal liability of the corporation. But appellants are in no position to complain about the judgment against the corporation. Although it was served with process, it made no answer and has not appealed from the judgment of the court.

It is next said that the court erred in holding that the mortgage on the household goods was properly assigned to appellee as collateral security to the $11,000 note. We cannot agree with appellants in this regard. The proof shows that the mortgage was included in a long list of notes and accounts belonging to Sherman's, Inc., and deposited by it with appellee as collateral security for the $11,000 note. This list of notes and accounts was prepared and signed by the officers of the corporation; the assignment being as follows: "Assignment, March 17, 1927. Sherman's, Incorporated, a corporation, being organized under the laws of the State of Arkansas, for value received, hereby assign and transfer to the McIlroy Banking Company the following accounts and notes due said Sherman's, Incorporated, viz., to secure money borrowed this date as evidenced by the note of said company in favor of McIlroy Banking Company. Sherman's, Inc., by M. J. Sherman, president. Attest: L. H. Kempton, secretary and treasurer.'' Then follows six pages of transcript showing a long list of notes and accounts, and near the end of the list appears the mortgage in question of $2,000, the total amount, including said $2,000 being $11,775.89. All the notes and accounts were left with Mr. Kempton, secretary of Sherman's, Inc., but the bank took possession of

the $2,000 chattel mortgage, and had Mr. Kempton assign it to the bank. We are therefore of the opinion that appellant M. J. Sherman knew that the $2,000 mortgage was assigned along with the other notes and accounts to appellee. At least, the chancellor's finding in this regard is not against the preponderance of the evidence. While it appears that Kempton had sold his stock to Sherman prior to the indorsement of the assignment on the mortgage to appellee, it appears also that he was continuing to act as secretary and treasurer of the corporation on March 17, 1927, with the knowledge and consent of the president, as they both joined in the assignment of the notes and accounts, including the mortgage in question on that date. We find no error, and the decree is affirmed.